129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Wayne NORTHCUTT, Defendant-Appellant.
 No. 96-50468.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-00029-RT-1; Robert J. Timlin, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Wayne Northcutt, a federal prisoner, appeals his jury conviction and sentence for armed bank robbery (18 U.S.C. § 2113(a), (d)) and firearm use during a crime of violence (18 U.S.C. § 924(c)). Pursuant to Anders v. California, 386 U.S. 738 (1967), Northcutt's counsel filed a brief stating he finds no meritorious issues for review, and a motion to withdraw as counsel of record.
 
 
 3
 Counsel identified the following potential issues: (1) whether the district court erred in admitting evidence regarding defendant's course of action immediately after the robbery; and (2) whether the district court erred in failing to excuse a juror for cause. Neither issue has merit.
 
 
 4
 The trial court properly admitted the evidence regarding Northcutt's flight and his attempt to carjack three passing motor vehicles immediately after the bank robbery. First, the evidence was "inextricably intertwined" with the evidence of crimes charged in the indictment. United States v. Ripinsky, 109 F.3d 1436, 1442 (9th Cir.1997), overruled on other grounds by United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997) (en banc); United States v. Hicks, 103 F.3d 837, 844 (9th Cir.1996), cert. denied, 117 S.Ct. 1483 (1997); United States v. Collins, 90 F.3d 1420, 1428-29 (9th Cir.1996). Second, the evidence was also admissible to show consciousness of guilt. See Collins, 90 F.3d at 1428.
 
 
 5
 Nor did the district court err by denying Northcutt's motion to exclude juror Huff for cause. Juror Huff indicated she recognized the name of a government witness and thought that she might have been briefly introduced to him at one time. After the witness testified, Huff told the court that she did not recognize him but for his name and further, that she could remain fair and impartial to both sides. The trial court neither abused its discretion nor committed "manifest error" in refusing to excuse juror Huff for cause. See United States v. Alexander, 48 F.3d 1477, 1484 (9th Cir.1995); see also United States v. Daly, 716 F.2d 1499, 1507 (9th Cir.1983).
 
 
 6
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issue for review. Accordingly, the motion of counsel to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3